# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**NATHAN J. BURNSIDE**                                                              **PETITIONER**

**vs.**                                                          **CIVIL ACTION No.: 3:18-CV-165-HTW-FKB**
                                                              **CRIMINAL ACTION No.: 4:03-CR-23-HTW-FKB**

**UNITED STATES OF AMERICA**                                                    **RESPONDENT**

## <u>ORDER</u>

BEFORE THIS COURT is the Motion to Vacate, Set Aside, or Correct Sentence under

Title 28 U.S.C. § 2255[1] **[Docket no. 321]**, filed by the petitioner Nathan J. Burnside (hereinafter

referred to as "Burnside" or "petitioner"). Petitioner alleges that his motion should be granted

because his trial counsel was ineffective. He alleges his counsel failed his responsibilities in several

ways: counsel allegedly failed to object to this court's imposition of a 42-month sentence under

the statute; failed to object to this court acting in a way that petitioner categorizes as an abuse of

discretion; and failed to preserve the above two (2) issues for appeal.

### I.    FACTUAL BASIS

#### a.   *Underlying Conviction*

On July 7, 2003, the United States of America issued a complaint against Burnside and a

co-defendant, Intencie Leach (hereinafter referred to as "Leach"), charging them with the

distribution of crack cocaine. The government's complaint was based upon a series of controlled

buys between the co-defendants and a confidential informant (hereinafter referred to as "CI").

---

[1] (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. […]

28 U.S.C.A. § 2255 (West)

Thereafter, after arresting the pair, the United States of America returned an indictment against

Burnside and Leach and added three (3) additional co-defendants: Entonio Burnside (hereinafter

referred to as "Entonio"); E.L. Burnside (hereinafter referred to as "E.L."); and Greg Huddleston

(hereinafter referred to as "Huddleston"). The indictment charged the five co-defendants with

conspiracy to intentionally distribute 50 grams or more of a mixture containing a detectable

amount of cocaine base, known as "crack" in violation of Title 21 U.S.C. § 841(a)(1)[2].

After conducting a detailed guilty plea colloquy, the court on January 16, 2004, accepted

Burnside's change of plea from "not guilty" to "guilty". This court thereafter held two (2)

sentencing hearings, on April 23, 2007, and April 30, 2007[3]. After the two (2) sentencing hearings,

the court sentenced Burnside on April 30, 2007, to a seventy (70) month term of imprisonment, to

be followed by a five (5) year term of supervised release. The court also ordered Burnside to pay

a special assessment fee of $100.00 and a fine of $1,500.00.

On March 3, 2008, still-imprisoned Burnside asked this court to reduce his sentence under

the retroactive application of the sentencing guidelines for crack cocaine offenses under Title 18

U.S.C. § 3582[4]. This court granted his motion and reduced Burnside's term of imprisonment from

---

[2] (a) Unlawful acts

  Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally--

   (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or
   dispense, a controlled substance […]

[3] The court continued the sentencing hearing it had originally set on May 7, 2004, based upon a motion of the defendant
for reasons that this court will not address here.

[4] (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it
has been imposed except that--

 (1) in any case--

   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant
   after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of
   Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such
   a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of
   imprisonment (and may impose a term of probation or supervised release with or without conditions
   that does not exceed the unserved portion of the original term of imprisonment), after considering
   the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

    (i) extraordinary and compelling reasons warrant such a reduction; or

70 months to 57 months. The United States Bureau of Prisons released Burnside from his original

term of imprisonment on March 27, 2008, when he began his term of supervised release.

Supervised release imposes behavioral responsibilities upon defendants: they are to abide

by specific conditions and restrictions, violations of which carry disciplinary measures, including

the possibility of re-incarceration. *See* Title 18 U.S.C. § 3583(d)-(e)[5].

---

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582 (West)

[5] (d) Conditions of supervised release.--The court shall order, as an explicit condition of supervised release, that the defendant not commit another Federal, State, or local crime during the term of supervision, that the defendant make restitution in accordance with sections 3663 and 3663A, or any other statute authorizing a sentence of restitution, and that the defendant not unlawfully possess a controlled substance. The court shall order as an explicit condition of supervised release for a defendant convicted for the first time of a domestic violence crime as defined in section 3561(b) that the defendant attend a public, private, or private nonprofit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is readily available within a 50-mile radius of the legal residence of the defendant. The court shall order, as an explicit condition of supervised release for a person required to register under the Sex Offender Registration and Notification Act, that the person comply with the requirements of that Act. The court shall order, as an explicit condition of supervised release, that the defendant cooperate in the collection of a DNA sample from the defendant, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000. The court shall also order, as an explicit condition of supervised release, that the defendant refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on supervised release and at least 2 periodic drug tests thereafter (as determined by the court) for use of a controlled substance. The condition stated in the preceding sentence may be ameliorated or suspended by the court as provided in section 3563(a)(4). The results of a drug test administered in accordance with the preceding subsection shall be subject to confirmation only if the results are positive, the defendant is subject to possible imprisonment for such failure, and either the defendant denies the accuracy of such test or there is some other reason to question the results of the test. A drug test confirmation shall be a urine drug test confirmed using gas chromatography/mass spectrometry techniques or such test as the Director of the Administrative Office of the United States Courts after consultation with the Secretary of Health and Human Services may determine to be of equivalent accuracy. The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission

### b.  First Revocation

After he had been released, Burnside committed a misdemeanor offense of domestic violence, associated with a known felon, and tested positive for cocaine upon arrest. This court issued a warrant for Burnside's arrest. After a hearing addressing a revocation of supervised

---

guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test. The court may order, as a further condition of supervised release, to the extent that such condition--

> (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
>
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
>
> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a);

any condition set forth as a discretionary condition of probation in section 3563(b) and any other condition it considers to be appropriate, provided, however that a condition set forth in subsection 3563(b)(10) shall be imposed only for a violation of a condition of supervised release in accordance with section 3583(e)(2) and only when facilities are available. If an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation. The court may order, as an explicit condition of supervised release for a person who is a felon and required to register under the Sex Offender Registration and Notification Act, that the person submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

e) Modification of conditions or revocation.--The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;
>
> (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision;
>
> (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case; or
>
> (4) order the defendant to remain at his place of residence during nonworking hours and, if the court so directs, to have compliance monitored by telephone or electronic signaling devices, except that an order under this paragraph may be imposed only as an alternative to incarceration.

18 U.S.C.A. § 3583 (West)

release, on August 18, 2011, this court found Burnside had violated the terms of his supervised release and imposed a nine (9) month term of imprisonment, to be followed by a 48-month term of re-imposed supervised release.

### c.   Second Revocation

Following his release from his second term of imprisonment on April 24, 2012, Burnside congregated with his earlier co-defendants and various other known felons at a "Welcome Home Nate" party. One of the partygoers shot a video at the party and brazenly posted such to the website, "YouTube". The presence of excessive alcohol consumption was evident from the video.

After the video was brought to this court's attention, this court issued an arrest warrant for Burnside's various violations of the terms of his supervised release. This court held a lengthy revocation-of-supervised-release hearing, which involved several days of testimony: July 19, 2012; July 20, 2012; Jul 24, 2012; July 30, 2012; July 31, 2012; October 2, 2012; and October 4, 2012. After the conclusion of these several combined evidentiary hearings, this court found that Burnside had violated the terms of his supervised release and on October 4, 2012, sentenced Burnside to nine (9) months imprisonment to be followed by a 42-month term of re-imposed supervised release.

Burnside was not the only subject of these hearings. Several other party-goers were also on supervised release at the time. They were identified and also revoked. Other non-felons were also caught up in the party fest – skimpily clad cavorting females; drunken males; a city school teacher and a Mississippi Highway Patrolman. The owner of the club was a City of Philadelphia, Mississippi government official.

#### d.   Third Revocation

Burnside was next released from prison on March 15, 2013. Shortly thereafter, Burnside was arrested and charged with a new felony offense – two (2) counts of intentional distribution of marijuana and three (3) counts of intentional distribution of "crack" cocaine. *See* 3:15-cr-22-DCB-LRA[6]. This court again issued a warrant for his arrest for violating the terms of his supervised release. At his revocation-of-supervised-release hearing, held on February 1, 2016, this court found that Burnside had violated the terms of his supervised release and imposed a 42-month term of imprisonment in the custody of the United States Bureau of Prisons, to run consecutively to his sentence in 3:15-CR-22-DCB-LRA. This court imposed its sentence under the statute, instead of the sentencing guidelines, finding adequate and persuasive grounds to do so.

Burnside thereafter filed a notice of appeal, challenging this court's decision to impose a forty-two (42) month term of imprisonment for his third revocation of supervised release. According to Burnside, the sentence imposed by this court was substantively unreasonable. The United States Fifth Circuit Court of Appeals disagreed and affirmed this court's sentence on November 10, 2016. *See United States v. Burnside*, 670 Fed.Appx. 325 (5th Cir. 2016) (cert. denied *Burnside v. U.S.*, 137 S.Ct. 1350 (2017)). The Fifth Circuit stated:

> The [district court] expressly considered the advisory sentencing range in imposing the revocation sentence. *See* 18 U.S.C. §§ 3553(a)(4)(B), 3583(e). It also considered Burnside's repeated violations of supervision, his approach to rehabilitation, and his disrespect for the court and federal law, all of which involve the history and characteristics of the defendant and the need to protect the public and deter criminal conduct. *See* § 3553(a)(1), (a)(2)(B), (a)(2)(C). Accordingly, Burnside has not shown the [district court] committed clear or obvious error in

---

[6] Burnside pled guilty to intentional distribution of 28 grams or more of cocaine base on October 8, 2015, before United States District Judge David C. Bramlette, III. Judge Bramlette held a sentencing hearing on January 14, 2016, and sentenced Burnside to 60 months imprisonment in the custody of the United States Bureau of Prisons to run consecutive to the sentence that this court imposed in Burnside's second revocation of supervised release. Judge Bramlette also imposed a four (4) year term of supervised release.

imposing his sentence. *See United States v. Whitelaw*, 580 F.3d 256, 260, 265 (5th Cir. 2009).

*United States v. Burnside*, 670 F. App'x 325, 326 (5th Cir. 2016).

## II.   ANALYSIS

### a.   Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of counsel, Burnside has the burden to show that his counsel was not only objectively deficient, but that he, the defendant, was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Burnside must show both prongs by a preponderance of the evidence. *See Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Rector v. Johnson*, 120 F.3d 551 (5th Cir. 1997)). A failure to establish either of the *Strickland* prongs makes it unnecessary to examine the other. *Buxton v. Lynaugh*, 879 F.2d 140, 142 (5th Cir. 1989), cert. denied, 497 U.S. 1032 (1990). As noted in *Strickland*, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697. In this case, given Burnside's sentencing claims, he "must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Johnson*, 178 F.3d at 313 (citation omitted).

### b.   Application

This court ordered Burnside's attorney who represented him on his third revocation of supervised release, Attorney Mike Knapp (hereinafter referred to as "Attorney Knapp"), to file an affidavit responding to Burnside's allegations. Attorney Knapp filed his affidavit, which the government filed as an exhibit to its response in opposition. In response to Burnside's allegations, Attorney Knapp admits that he failed to object to the allegedly "substantive unreasonableness" of Burnside's sentence. According to Attorney Knapp, he failed to do so because he thought such an

objection would be counterintuitive after the lengthy arguments on the record between counsel for the government and Attorney Knapp. Attorney Knapp clearly committed error because without a specific objection as to the reasonableness of a sentence, the Fifth Circuit's review is limited to plain error. *See United States v. Burnside*, 670 Fed.Appx. at 326.

Attorney Knapp's error notwithstanding, Burnside must show that he would have received a different sentence under the "plainly unreasonable" standard of review, as opposed to a sentence reviewed for "plain error." In the United States Fifth Circuit Court of Appeals, if a specific objection to reasonableness is made regarding the sentence imposed upon the revocation of supervised release, the United States Fifth Circuit Court of Appeals will review under a "plainly unreasonable standard," in a two-step process. *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013) (quoting *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), cert. denied 132 S. Ct. 496 (2011)). First, the appellate court would ensure that "the district court committed no significant procedural error, such as failing to consider the §3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012). "If the district court's sentencing decision lacks procedural error, [the appellate] court next considers the substantive reasonableness of the sentence imposed." *Id*. "If [the appellate court] find[s] the sentence unreasonable, [it] may reverse the district court only if [it] further determine[s] 'the error was obvious under existing law.'" *Warren*, 720 F.3d at 326 (quoting *Miller*, 634 F.3d at 843) (emphasis added).

Following Burnside's direct appeal of his revocation sentence, under plain error review, the Fifth Circuit held that this court had "expressly considered the advisory sentencing range in imposing the revocations sentence." *Burnside*, 670 Fed.Appx. at 326. The Fifth Circuit further held that this court "considered Burnside's repeated violations of supervision, his approach to

8

rehabilitation, and his disrespect for the court and federal law." *Id*. Finally, the Fifth Circuit observed that this court's considerations "involve[ed] the history and characteristics of the defendant and the need to protect the public and deter criminal conduct." *Id*. This court, therefore, finds that Burnside has provided no argument, evidence, or authority which would cause this court to question any "significant procedural error".

When sentencing Burnside for his third revocation of supervised release, this court found that his latest conviction for distribution of cocaine base in Criminal Number 3:15cr22DCB was a grade A violation, as the underlying offense was a class A felony. With his prior criminal history category of I and this grade A violation, the court determined that the advisory sentencing guideline range was 24 to 30 months pursuant to U.S.S.G. § 7B1.4(a). The court noted that the "statutory maximum revocation imprisonment sentence for a Class A felony is 60 months." This court considered the guideline policy statements, along with the appropriate sentencing factors contained in 18 U.S.C. § 3553(a) and did "not believe that a sentence within the guidelines" was appropriate. Importantly, this court determined to sentence Burnside under the statute based on "the history and characteristics of this defendant, to provide adequate deterrence for his criminal violations and to protect the community from further violations and further crimes." *Id*.

Accordingly, this court sentenced Burnside to a 42-month term of incarceration. This court then pointed out that it had not sentenced Burnside to the statutory maximum 60 months. Burnside agreed with the court but made no objection.

In reviewing substantive reasonableness, the Fifth Circuit has recognized that—in contrast to the detailed guidelines that apply to criminal offenses, which turn on various intricate offense characteristics—"the Sentencing Commission chose to promulgate less precise, nonbinding policy statements for revocation sentences." *United States v. Hernandez-Martinez*, 485 F.3d 270, 273

(5th Cir.), cert. denied, 552 U.S. 933 (2007) (internal quotes and citation omitted). Because the revocation guidelines are "less precise" in addressing the myriad of grounds for revocation, trial courts are given maximum latitude in fashioning appropriate sentences. The Fifth Circuit has recognized the need for flexibility in addressing supervised release violations and has "routinely upheld release revocation sentences in excess of the advisory range, but within the statutory maximum." *United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009) (emphasis added). A district court must provide some explanation when imposing a revocation sentence, *Id*. at 261-62, the appellate court determines the adequacy of the district court's explanation of a revocation sentence "with the understanding that its review of revocation sentences is generally more deferential than its review of original sentences." *United States v. Hernandez-Herrera*, 429 Fed.Appx. 382, 389 (5th Cir. 2011) (unpublished).

In similar cases, the Fifth Circuit Court of Appeals found no error where the district court sentenced the violator outside the guidelines range, but less than the statutory maximum. *See*, e.g., *United States v. Priestley*, 618 Fed.Appx. 222 (5th Cir. 2015) (unpublished) (finding no error where the district court explained that the 18-month revocation sentence, six months above the policy-statement range, "addressed the issues of adequate deterrence and protection of the public"); *United States v. Cueto-Parra*, 575 Fed.Appx. 362, 363-64 (5th Cir.), cert. denied, 135 S.Ct. 689 (2014) (unpublished) (holding that the district court acted within its statutory authority by imposing the 24–month sentence and that the court's weighing of the relevant sentencing factors is entitled to deference as the statutory maximum sentence "does not demonstrate that [the mitigating circumstance] did not receive any weight, but only that, in the end, other factors were given greater weight").

"When imposing a sentence upon the revocation of supervised release, a district court may impose a sentence that falls within the maximum term of imprisonment allowed by statute." *United States v. Ames*, 339 Fed.Appx. 497 (5th Cir. 2009).

This court is persuaded that it duly considered the statutory guidelines and the sentencing factors in Title18 U.S.C. § 3553 and sentenced Burnside accordingly. Burnside has provided no argument, authority, or evidence which would persuade this court to reconsider its prior sentence. Considering Burnside's lengthy criminal history and history of revocations of supervised release, this court sentenced Burnside to a upward variance, but still below the statutory maximum. Burnside has already asked for appellate review of his sentence, and the Fifth Circuit Court of Appeals affirmed this court's sentence as reasonable.

### c.  *Evidentiary Hearing*

An evidentiary hearing is not required pursuant to Title 28 U.S.C. § 2255 if the motion, files, and record or recollection of the case show the defendant is entitled to no relief. *See United States v. Green*, 882 F.2d 999, 1008 (5th Cir. 1989); *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986); *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985); and *United States v. Guerra*, 588 F.2d 519, 520-21 (5th Cir. 1979).

This court finds that Burnside is not entitled to an evidentiary hearing. Burnside has not presented any newly discovered evidence for this court to consider. Moreover, Burnside's sole argument revolves around an issue of law, not fact.

### III.   CERTIFICATE OF APPEALABILITY

A final order adverse to the applicant having been filed in the captioned habeas corpus case, in which the detention complained of arises out of process issued by this court, this Court, considering the record in the case and the requirements of 28 U.S.C. § 2253, Rule 22(b) of the

Federal Rules of Appellate Procedure, and Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, hereby finds that a Certificate of Appealability should not issue.  The applicant has failed to make a substantial showing of the denial of a constitutional right.

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED that Burnside's Motion to Vacate, Set Aside, or Correct Sentence under Title 28 U.S.C. § 2255 [Docket no. 321] is hereby DENIED.**

**IT IS FURTHER ORDERED that the related civil action, case number 3:18-cv-165-HTW-FKB, is hereby DISMISSED WITH PREJUDICE.**

**IT IS FINALLY ORDERED that a certificate of appealability shall not issue in this matter and is hereby DENIED.**

**SO ORDERED this the 31st day of March, 2021.**

s/ HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**